## Case No. 6,259.

### HAYDEN v. DAVIS et al.

[3 McLean, 276.] [1]

Circuit Court, D. Michigan.    Oct. Term, 1843.

BILLS AND NOTES—VOID INSTRUMENT.

1. Where a bank is prohibited by law from issuing any bill or note not payable on demand and without interest, under a penalty, any instrument issued in violation of the act is void.

[Cited in Cooke v. State Nat. Bank of Boston, 52 N. Y. 103.]

2. An acceptance of a draft is within the law.

3. A parol bond to indemnify the person who signed such draft is void, because it is connected with a void instrument.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

4. The bond was executed in Michigan, but it related to a New York transaction, which was void by the laws of that state, and this vitiates the bond.

[Cited in Leavitt v. Palmer, 3 N. Y. 26.]

At law.

Mr. Romeyn, for plaintiff.

Mr. Emmons, for defendants.

OPINION OF THE COURT. This suit is brought on a bond given by George W. Tracy, George Davis, and Charles A. Hopkins, in the penal sum of twelve thousand dollars, dated the 5th of July, 1841, conditioned, that the obligors shall pay, or cause to be paid, certain drafts or bills of exchange drawn on the cashier of the Phenix Bank of Buffalo, part drawn by the plaintiff in favor of Lewis Eaton and others—part by Lewis Eaton in favor of plaintiff—which drafts amount to the sum of five thousand eight hundred and ninety-eight dollars, payable at future and different periods; which drafts were given in payment of a contract made the 6th of June, 1840, between D. Balentine, by T. Treadwell, his attorney, of the one part, and R. N. Hayden and one Lewis Eaton, of the other part, for the sale and purchase of one thousand three hundred and thirty-one shares of stock in the Bank of Constantine, in the state of Michigan, and shall fully discharge the said R. N. Hayden from all liabilities for or on account of the same, and shall fully indemnify and save harmless the said R. N. Hayden of and from all suits, &c. then the obligation to be void, &c.

The defendants pleaded that it was agreed the above drafts should be accepted by the Phenix Bank of Buffalo, before they were received in payment for said stock; that they were so accepted by A. K. Eaton, cashier, and Lewis Eaton, president, which was in violation of law, &c. Plaintiff replied, that the contract of purchase was made at Constantine, in Michigan, and was transferred to plaintiff and Eaton by Balentine, at the above place; that five thousand dollars were paid by plaintiff and Eaton to the said Balentine in part; and for the residue of said consideration the drafts were executed and delivered to Balentine, which remain unpaid; that the said plaintiff and Eaton, at Buffalo, at the instance of the defendants and George W. Tracy, assigned and transferred all of the stock to defendant Hopkins, and the same was thereupon accepted and received by the said Hopkins; and the plaintiff further avers that as the consideration of the said transfer and sale, it was then and there agreed that the said defendant and the said Davis should pay said drafts, and should execute their bond therefor, &c. To this the defendants demurred. The pleadings raise the question, whether the drafts, for the payment of which the bond was executed by the defendants, were legal.

In the General Statutes of New York (page 63, § 4) it is provided, that "no banking as-sociation, or individual banker, as such, shall issue or put in circulation any bill or note of said association or individual banker, unless the same shall be made payable on demand, and without interest. And every violation of this section by any officer or member of a banking association, or any individual banker, shall be deemed and adjudged a misdemeanor, punishable by fine or imprisonment, or both, in the discretion of the court," &c. Id. p. 73, § 4. A construction was given to this statute, in Smith v. Strong, 2 Hill, 241, in which it was held that an acceptance made in violation of it was void. The law being a general one, all are bound to take notice of it. And on general principles there would seem to be no doubt, that any contract expressly prohibited by law is void. Bensley v. Bignold, 5 Barn. & Ald. 335; Com. Cont. 66; Langton v. Hughes, 1 Maule & S. 593; Bell v. Scott, Id. 751; Chit. Cont. 420, 422, 423; Story, Confl. Laws, § 247. The bond is not for the payment of money, but to indemnify the plaintiff against the above drafts. On a mere bond of indemnity, no action can be sustained until the party is damnified. The drafts are unpaid, and it does not appear from the pleadings how and to what extent the plaintiff has been injured by drawing and being connected with the drafts. But do the invalidity of these drafts avoid the bond? Of this there would seem to be no doubt, if the bond grew out of or was connected with the drafts. The rule is, that "where the contract grows immediately out of the illegal act, or is connected with it, justice will not lend its aid to enforce it." Toler v. Armstrong [Case No. 14,078], and authorities above cited. The bond was executed in Michigan, but it relates to a New York transaction, which is void by the laws of that state, and this vitiates the bond. The demurrer to the replication is sustained.